## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

**JOUREY NEWELL**, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff,

v.

**RISEUP FINANCIAL GROUP, LLC,**

        Defendant.

Case No. 2:25-cv-01402-JFM

District Judge John F. Murphy

## DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS

Defendant RiseUp Financial Group, LLC ("RiseUp") respectfully moves this Court to strike the class allegations in Plaintiff Jourey Newell's ("Plaintiff") First Amended Complaint, ECF No. 19, under Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D). The reasons for these requests are set forth in the accompanying Memorandum of Law.

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................1

II.    PLAINTIFF'S ALLEGATIONS ......................................................................1

III.   LEGAL STANDARD .......................................................................................2

IV.   PLAINTIFF'S DNCR CLASS IS UNCERTIFIABLE AND MUST THEREFORE BE STRICKEN. .............................................................................................3

   A.  A Plain Reading of the TCPA's DNCR Provisions Reveal that Plaintiff Does Not Have Standing. ..........................................................................................4

   B.  Plaintiff's DNCR Class is Impermissibly Overbroad. ..................................................6

       1.  The DNCR Class Is Overbroad Because It Includes Members Who Consented to Be Called. .................................................................................................8

       2.  The DNCR Class Includes Individuals That Have Established Business Relationships with RiseUp. ........................................................................9

       3.  The DNCR Class Includes Individuals Who Received Text Messages, Which Are Not Telephone Solicitations Under the DNCR Provisions. ..................................10

       4.  The DNCR Class Includes Individuals Who Received Third-Party Calls for Which RiseUp is Not Vicariously Liable. .......................................................11

       5.  Plaintiff's DNCR Class Improperly Includes Individuals Who Have Not Personally Registered Their Telephone Numbers on the DNCR. ......................12

   C.  The DNCR Class Calls for the Resolution of Merits-Based Issues to Determine Class Membership. .........................................................................................13

   D.  Plaintiff Will Be Unable to Establish Commonality and Predominance. .................14

V.    CONCLUSION ...............................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*,
    2018 WL 488257 (N.D. Ill. Jan. 18, 2018) ............................................................ 7, 9, 10

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011) ............................................................................................... 4

*Barabin v. Aramark Corp.*,
    210 F.R.D. 152, 162 (E.D.Pa. 2002)…………………………………………………… 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................... 4

*Blades v. Monsanto Co.*,
    400 F.3d 562 (8th Cir. 2005) .................................................................................. 14

*Briseno v. ConAgra Foods, Inc.*,
    844 F.3d 1121 (9th Cir. 2017); ............................................................................... 13

*Broking v. Green Brook Buick GMG Suzuki*,
    2017 WL 3610490 (D.N.J. Aug. 22, 2017) ............................................................ 13

*Brown v. Nano Hearing Tech Opco, LLC*,
    2024 WL 3367536 (S.D. Cal. July 9, 2024) ........................................................... 7, 8

*Campbell v. Wash. Cnty. Tech. Coll.*,
    219 F.3d 3 (1st Cir. 2000) ....................................................................................... 12

*Campbell-Ewald Co. v. Gomez*,
    577 U.S. 153 (2016). ............................................................................................. 11

*Controllable On-Site Prot. Sec. Sys., Inc. v. Telular Corp.*,
    2016 WL 11778133 (E.D. Ark. Apr. 12, 2016) ..................................................... 14

*Cunningham v. Rapid Response Monitoring Servs. Inc.*,
    251 F. Supp. 3d 1187 (M.D. Tenn. 2017) .............................................................. 5

*de Lacour v. Colgate-Palmolive Co.*,
    338 F.R.D. 324 (S.D.N.Y. 2021) ........................................................................... 13

*Franco v. Connecticut Gen. Life Ins. Co.*,
    289 F.R.D. 121, 141 (D.N.J. 2013)…………………………………………………… 6

*Gager v. Dell Fin. Servs., LLC*,
    757 F.3d 265 (3d Cir. 2013) ................................................................................... 5, 6

*Gen. Tel. Co. of the Sw. v. Falcon*,
    457 U.S. 147 (1982) ..........................................................................................2

*Glover v. Wells Fargo Home Mortg.*,
    629 F. App'x 331 (3d Cir. 2015)……………………………………………..6, 7

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014) ..........................................................................................3

*Hayes v. Wal-Mart Stores, Inc.*,
    725 F.3d 349, 355 (3d Cir. 2013)…………………………………………...13

*In re Flonase Antitrust Litig.*,
    284 F.R.D. 207 (E.D. Pa. 2012) .....................................................................15

*In re Hydrogen Peroxide Antitrust Litig.*,
    552 F.3d 305 (3d Cir. 2008)..............................................................................4

*In re Niaspan Antitrust Litig.*,
    67 F.4th 118 (3d Cir. 2023)...............................................................................3

*In re Rly. Indus. Emp. No-Poach Antitrust Litig.*,
    395 F. Supp. 3d 464 (W.D. Pa. 2019) ...................................................3, 9, 10

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004)............................................................................15

*Jamison v. First Credit Servs.*,
    2013 WL 387217 (N.D. Ill. July 29, 2013).....................................................8

*Klein v. Com. Energy, Inc.*,
    256 F. Supp. 3d 563 (W.D. Pa. 2017). ..........................................................11

*Kohen v. Pac. Inv. Mgmt. Co. LLC*,
    571 F. 3d 672 (7th Cir. 2009)...........................................................................4

*Lackawanna Chiropractic P.C. v. Tivity Health Support, LLC*,
    2019 WL 7195309 (W.D.N.Y. Aug. 29, 2019)................................ 6, 9, 10, 12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992). ........................................................................................4

*Martinez v. TD Bank USA, N.A.*,
    2017 WL 2829601 (D.N.J. June 30, 2017).......................................................8

*McElhaney v. Eli Lilly & Co.*,

iv

93 F.R.D. 875 (D.S.D. 1982) ................................................................. 7, 9, 10

*McNair v. Synapse Grp. Inc.*,
    672 F.3d 213 (3d Cir. 2012) ............................................................... 6

*Messner v. Northshore Univ. Health Sys.*,
    699 F.3d 802 (7th Cir. 2012) .............................................................. 14

*Neale v. Volvo Cars of N. Am., LLC*,
    794 F.3d 353 (3d Cir. 2015) ................................................................ 4

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001) ................................................................ 4

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ........................................................................... 6

*Perrong v. Victory Phones LLC*,
    2021 WL 3007258 (E.D. Pa. July 15, 2021) ...................................... 5

*PFT of Am., Inc. v. Tradewell, Inc.*,
    1999 WL 179358 (S.D.N.Y. Mar. 31, 1999) ...................................... 7

*Rikos v. Procter & Gamble Co.*,
    799 F.3d 497 (6th Cir. 2015) .............................................................. 12

*Rivera v. Harvest Bakery Inc.*,
    312 F.R.D. 254 (E.D.N.Y. 2016) ........................................................ 7

*Rombough v. Robert D. Smith Insurance Agency, Inc.*,
    2022 WL 2713278 (N.D. Iowa June 9, 2022) .................................... 11

*Ruiz Torres v. Mercer Canyons Inc.*,
    835 F.3d 1125 (9th Cir. 2016) ............................................................ 10

*Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*,
    821 F.3d 992 (8th Cir. 2016) .............................................................. 12

*Spine & Sports Chiropractic, Inc. v. ZirMed, Inc.*,
    2014 WL 2946421 (W.D. Ky. June 30, 2014) .................................... 7, 9, 10

*St. Louis Heart Ctr., Inc. v. Vein Centers for Excellence, Inc.*,
    2017 WL 2861878 (E.D. Mo. July 5, 2017) ...................................... 12

*Steven A. Conner, DPM, P.C. v. Fox Rehab. Servs., P.C.*,
    2025 WL 289230 (3d Cir. Jan. 24, 2025) .......................................... 3

v

*Sullivan v. DB Invs., Inc.*,
    667 F.3d 273 (3d Cir. 2011).............................................................................15

*Trunzo v. Citi Mortg.*,
    2018 WL 741422, at *5 (W.D. Pa. Feb. 7, 2018) ..............................................3

*Ung v. Universal Acceptance Corp.*,
    319 F.R.D. 537 (D. Minn. 2017).........................................................................8

*Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*,
    274 F.R.D. 229 (S.D. Ill. 2011)......................................................................6, 8

*Walewski v. Zenimax Media, Inc.*,
    502 F. App'x 857 (11th Cir. 2012)..................................................6, 9, 10, 12

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011). .................................................................................3, 14

*Warnick v. Dish Network LLC*,
    301 F.R.D. 551 (D. Colo. 2014)..........................................................................8

*Weister v. Vantage Point AI, LLC*,
    2022 WL 3139373 (M.D. Fla. Aug. 3, 2022) ...................................................13

*Worsham v. TSS Consulting Grp., LLC*,
    2023 WL 5016558 (M.D. Fla. Aug. 7, 2023). ..................................................11

**Other Authorities**

47 C.F.R. § 64.1200(c)....................................................................5, 9, 10, 11

47 C.F.R. § 64.1200(f)(15)...................................................................9, 13

47 U.S.C. § 227(a)(4)...........................................................................................8

47 U.S.C. § 227(c)(5)........................................................................4, 5, 6, 10

7A WRIGHT & MILLER, FED. PRAC. & PROC. § 1760 (3d ed. 2005) ............................11

Fed. R. Civ. P. 12(f)............................................................................................2

Fed. R. Civ. P. 23(a)(2)......................................................................................14

Fed. R. Civ. P. 23(a).......................................................................................3, 14

Fed. R. Civ. P. 23(b)(3)...............................................................................14, 15

Fed. R. Civ. P. 23(c)(1)(A)...................................................................................................2

Fed. R. Civ. P. 23(d)(1)(D)..................................................................................................3

HERBERT NEWBERG & ALBA CONTE, NEWBERG, CLASS ACTIONS § 6.20 (3d ed.1992)...............14

## MEMORANDUM OF LAW

### I.    INTRODUCTION

Plaintiff's National Do Not Call Registry Class ("DNCR Class") is uncertifiable for several reasons. The class fails from the start because the named plaintiff lacks standing. Without at least one plaintiff who meets Article III's standing requirements, the entire case fails.

Even putting standing aside, the DNCR Class is wildly overbroad. It includes people who have no valid claims—such as individuals who consented to be contacted by RiseUp, had an established business relationship with RiseUp, received non-actionable text messages, got messages from third parties RiseUp isn't responsible for, or never personally registered their numbers on the Do Not Call Registry.

Furthermore, determining who actually belongs in the class would require resolving merits issues like whether a person is a "residential telephone subscriber" and whether they received a "telephone solicitation." These aren't simple box-checking questions. To the contrary, it requires individualized inquiries and mini-trials for each potential class member. In short, the DNCR Class can't meet the core Rule 23 requirements of commonality and predominance, particularly as applied in the Third Circuit.

Since Plaintiff's DNCR Class is facially uncertifiable, this Court should strike it here and now.

### II.    PLAINTIFF'S ALLEGATIONS

In his First Amended Complaint, Plaintiff claims that RiseUp violated the National Do-Not-Call Registry (the "DNCR") provisions of the TCPA, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c), by sending him six (6) text messages and one (1) phone call despite having personally

registered his telephone number on the DNCR. *See* Class Action First Amended Complaint. ¶¶ 15-57, ECF No. 19 [hereinafter FAC]. He seeks to represent the following Class:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

*Id.* at ¶ 42.

## III.    LEGAL STANDARD

Courts are empowered to strike class allegations at the pleadings stage by Federal Rule of Civil Procedure 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber and Hardware, Inc.,* 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002) (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)). While motions to strike are not favored, they will be granted where "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* While striking class allegations at the outset is certainly not done in every case, the Supreme Court has "recognized that '[s]ometimes the issues are plain enough from the pleadings to determine whether' class certification is appropriate in a given case." *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 497 (W.D. Pa. 2019) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) (alteration in original).

It is foundational that courts must determine whether to certify a class "[a]t an early practicable time[.]" Fed. R. Civ. P. 23(c)(1)(A). As such, Rule 23 is also applicable, as it grants courts the ability to issue orders "require[ing] that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]" Fed. R. Civ. P. 23(d)(1)(D). Indeed, "courts grant motions to strike under Rule 23(d)(1)(D) before class

discovery only in 'the rare few [cases] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met[.]'" *Id*. at 498 (quoting *Trunzo v. Citi Mortg.*, No. 11-1124, 2018 WL 741422, at *4 (W.D. Pa. Feb. 7, 2018)) (alterations in original). Accordingly, "plaintiffs have the burden to allege sufficient facts in the consolidated class action complaint to make a prima facie showing that the requirements of Rule 23 are satisfied or that at least discovery is likely to produce substantiation of the class allegations." *Id.*

## IV.  **PLAINTIFF'S DNCR CLASS IS UNCERTIFIABLE AND MUST THEREFORE BE STRICKEN.**

For a class to be certified, it must meet the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. Fed. R. Civ. P. 23(a). The class must also satisfy one of the three requirements set forth in Rule 23(b). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). However, where it is clear at the outset that a class is uncertifiable in a way discovery cannot cure, a class is properly stricken at the pleadings stage. *See In re Rly.*, 395 F. Supp. at 472 (striking class allegations at the pleadings stage); *Barabin v. Aramark Corp.*, 210 F.R.D. 152, 162 (E.D.Pa. 2002), aff'd, 2003 WL 355417 (3d Cir. Jan.24, 2003) (granting motion to strike class allegations where it was apparent from the complaint that Rule 23 could not be satisfied); *Steven A. Conner, DPM, P.C. v. Fox Rehab. Servs., P.C.*, Nos. 23-1550, 23-1684, 2025 WL 289230, at *12 (3d Cir. Jan. 24, 2025) ("If a district court harbors uncertainty about whether the plaintiff has satisfied the requirements of Rule 23, class certification should be denied.") (quoting *In re Niaspan Antitrust Litig.*, 67 F.4th 118, 130 (3d Cir. 2023)). Plaintiff's FAC presents this Court with such a case.

And since it is widely understood that class actions give rise to *in terrorem* settlement pressures, striking hopeless class definitions at the pleadings stage is rather appropriate. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 301 n.7 (2014) (noting the "substantial

*in terrorem* settlement pressures brought to bear by certification."). Indeed, the Supreme Court explained that "discovery accounts for as much as 90 percent of litigation costs when discovery is actively employed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (internal citation omitted). Where class actions are involved, "[t]hat potential expense is obvious enough." *Id.* These discovery expenses are only compounded in TCPA cases, where each violation is worth $500 to $1500 in statutory damages. *See* 47 U.S.C. § 227(c)(5). Faced with the cost of these class actions, "cost-conscious defendants" are pressured to "settle even anemic cases[.]" *Twombly*, 550 U.S. at 559; *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011) ("Faced with even a small chance of a devastating loss, defendants will be pressured into settling questionable claims. Other courts have noted the risk of 'in terrorem' settlements that class actions entail[.]") (citing *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F. 3d 672, 677-78 (7th Cir. 2009)); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310 (3d Cir. 2008) ("[D]enying or granting class certification is often the defining moment in class actions (for it may sound the 'death knell' of the litigation on the part of the plaintiffs, or create unwarranted pressure to settle nonmeritorious claims on the part of defendants)[.]") (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 162 (3d Cir. 2001)). Striking an uncertifiable class at the pleadings stage stems the flow of expenses to a defendant, thereby relieving this pressure and creating a higher likelihood that the merits of the plaintiff's claim will be litigated.

A.    **A Plain Reading of the TCPA's DNCR Provisions Reveal that Plaintiff Does Not Have Standing.**

It is foundational that "so long as a named class representative has standing, a class action presents a valid 'case or controversy' under Article III." *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 369 (3d Cir. 2015). For standing, a named plaintiff must establish (1) an injury in fact,

4

(2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, however, Plaintiff cannot establish an injury-in-fact under the plain language of the TCPA.

As set forth in more detail in the Motion to Dismiss, the plain language of the DNCR provisions makes it clear that only telephone calls to landlines are actionable. Under Subsection (c), Congress instructed the FCC to put forth rules to protect "*residential* telephone subscribers' privacy rights." 47 U.S.C. §§ 227(c)(1)-(2) (emphasis added). The regulations promulgated pursuant to this provision mirror this language, making it a violation for a person or entity to initiate a "telephone solicitation" to a "residential telephone subscriber." 47 C.F.R. § 64.1200(c).

Since the plain language of "residential telephone" is properly understood to refer to a landline—as opposed to a cellular telephone, which may be used outside a person's residence—only "telephone solicitations" to landlines are prohibited. And since landlines can only receive calls and not text messages, a text message cannot constitute a "telephone solicitation" under the DNCR provisions. This conclusion is further buttressed by the specific language in Subsection 227(c)(5) creating a private right of action for individuals who have received "more than one *telephone call*." 47 U.S.C. § 227(c)(5) (emphasis added). *See Cunningham v. Rapid Response Monitoring Servs. Inc.*, 251 F. Supp. 3d 1187, 1210 (M.D. Tenn. 2017) ("The private right of action created by 47 U.S.C. § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers. . . . Plaintiff alleges only calls to his cellular telephone. Accordingly, he fails to state a claim for relief under 47 U.S.C. § 227(c)(5)."); *Perrong v. Victory Phones LLC*, No. 20-5317, 2021 WL 3007258, at *7 n.6 (E.D. Pa. July 15, 2021) ("The TCPA does not define 'residential.' The Third Circuit Court of Appeals has interpreted residential to refer to landlines and has juxtaposed those physical lines with wireless

ones.") (citing *Gager v. Dell Fin. Servs., LLC*, 757 F.3d 265, 273 (3d Cir. 2013) (The residential telephone line section applies "only to autodialed calls made to land-lines.")).

Based on this reading, Plaintiff simply lacks standing. First, his cellular telephone is not a residential telephone, regardless of the purposes for which he uses it. *See Gager*, 757 F.3d at 274 n.6 ("Dell argues that Gager's phone should be treated as if it were a land-line because she listed her cellular phone number as her home phone on the credit application she filed with Dell. This argument is unavailing."). As such, Plaintiff is not a residential telephone subscriber.

Second, Plaintiff has not plausibly pleaded that he has received "*more than one* telephone call." 47 U.S.C. § 227(c)(5) (emphasis added). Plaintiff claims to have received only one telephone call from RiseUp. Even assuming this call is a telephone solicitation, this allegation falls short of the two-call minimum needed to invoke the private right of action.

Since Plaintiff is not a residential telephone subscriber and only alleges a single call, he cannot establish a viable DNCR claim. Accordingly, he lacks standing and the DNCR Class is uncertifiable. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 227 (3d Cir. 2012) ("Because Appellants lack Article III standing to seek injunctive relief, the District Court was obliged to deny class certification under Rule 23(b)(2).").

### B.    Plaintiff's DNCR Class is Impermissibly Overbroad.

It is widely held that a class definition may not be certified where it includes a large number of individuals who lack claims. *See Franco v. Connecticut Gen. Life Ins. Co.*, 289 F.R.D. 121, 141 (D.N.J. 2013), *aff'd,* 647 F. App'x 76 (3d Cir. 2016) (noting that "[a] proposed class must be identifiable without being overbroad"); *Glover v. Udren*, No. CIV. 08-990, 2013 WL 6237990, at

*10 (W.D. Pa. Dec. 3, 2013), *aff'd sub nom. Glover v. Wells Fargo Home Mortg.*, 629 F. App'x

331 (3d Cir. 2015) (denying certification where "[t]he class is overly broad in that it includes

people who have not been, and will not be harmed"); *Walewski v. Zenimax Media, Inc.*, 502 F.

App'x 857, 861 (11th Cir. 2012) (affirming denial of class certification where proposed class

definition "impermissibly include[d] members who have no cause of action[.]"); *Lackawanna

Chiropractic P.C. v. Tivity Health Support, LLC*, No. 18-CV-00649, 2019 WL 7195309, at 3

(W.D.N.Y. Aug. 29, 2019) (citing *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229,

235 (S.D. Ill. 2011) ("[The plaintiff's] proposed class includes a substantial number of people who

voluntarily gave their telephone numbers to the [defendant] knowing the [defendant] would call

those numbers to present special commercial offers. They have no grievance with the [defendant],

and ... their inclusion in the proposed class definition renders it overbroad and the class unfit for

certification.") (alterations added); *Rivera v. Harvest Bakery Inc.*, 312 F.R.D. 254, 268 (E.D.N.Y.

2016) (holding that the proposed class definition was overbroad). This is true because some class

members do not "share a viable claim." *A Custom Heating & Air Conditioning, Inc. v. Kabbage,

Inc.*, No. 16 C 2513, 2018 WL 488257, at 4 (N.D. Ill. Jan. 18, 2018); *see Spine & Sports

Chiropractic, Inc. v. ZirMed, Inc.*, No. 13-CV-00489, 2014 WL 2946421, at *10 (W.D. Ky. June

30, 2014) (holding the class definition is overbroad in that it includes persons who have no claim

under the TCPA.); *McElhaney v. Eli Lilly & Co.*, 93 F.R.D. 875, 878 (D.S.D. 1982) ("The

definition of a class cannot be so broad as to include individuals who are without standing to

maintain the action on their own behalf.").

And where overbreadth is apparent at the pleadings stage, a class is properly stricken. *PFT

of Am., Inc. v. Tradewell, Inc.*, No. 98 Civ. 6413, 1999 WL 179358, at *1 (S.D.N.Y. Mar. 31,

1999) (striking class claims where the class was not sufficiently defined); *Brown v. Nano Hearing*

*Tech Opco, LLC*, No. 24-CV-00221, 2024 WL 3367536, at *8-9 (S.D. Cal. July 9, 2024) (striking overly broad class at the pleadings stage).

The DNCR Class is too broad because it includes individuals without viable claims against RiseUp. Specifically, it encompasses individuals who (1) consented to be called by RiseUp; (2) have an established business relationship with RiseUp; (3) received text messages by RiseUp, which are not actionable under the DNCR provisions; (4) received third-party calls for which RiseUp is not vicariously liable; and (5) did not personally register their residential telephone numbers on the DNCR. As drafted, this Class includes countless individuals who lack standing.

### 1.    The DNCR Class Is Overbroad Because It Includes Members Who Consented to Be Called.

Section 64.1200(c) excludes from liability calls and messages made to recipients who consented to be contacted, despite registering their numbers on the DNCR. *See* 47 C.F.R. 64.1200(c)(2)(ii) (stating that a caller "will not be liable for violating this requirement if it has obtained the subscriber's prior express invitation or permission."); 47 U.S.C. § 227(a)(4) (stating that "telephone solicitation" excludes calls or messages "to any person with that person's prior express invitation or permission"); 47 C.F.R. 64.1200(f)(15)(i) (same). Consumers who receive calls after consenting therefore lack standing to pursue violations of this provision.

Correspondingly, courts have rejected class definitions that present issues of consent. *See Ung v. Univ. Acceptance Corp.*, 319 F.R.D. 537, 540 (D. Minn. 2017) ("[T]he issue of consent makes it nigh impossible to determine the members of the putative class without a member-by-member analysis and individualized proof….The 'disparate factual circumstances' regarding each class member's consent simply 'prevents the class from being cohesive and thus [renders] it unable to be certified under Rule 23(b)(2).'"); *Brown*, 2024 WL 3367536, at *8-9 (finding the plaintiff's class flawed for including individuals who consented to be called and thereby lacked standing

under the TCPA); *see also Martinez v. TD Bank USA, N.A.*, No. CV 15-7712, 2017 WL 2829601, at *12 (D.N.J. June 30, 2017) (holding that a TCPA class was not ascertainable because it would require mini trials to identify individuals who did not provide prior express consent); *Warnick v. Dish Network LLC*, 301 F.R.D. 551, 559 (D. Colo. 2014) (denying class certification in a TCPA case alleging an overbroad class where, among other problems, a sub-class included persons who consented to be called); *Jamison v. First Credit Servs.*, 2013 WL 387217, at *8 (N.D. Ill. July 29, 2013); *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 235 (S.D. Ill. 2011) (finding that because the inclusion of a substantial number of people who voluntarily provided their phone numbers to receive commercial calls rendered the proposed class "overbroad and the class unfit for certification").

Here, Plaintiff includes all persons throughout the United States whose numbers were on the DNCR but who received more than one telephone solicitation, irrespective of whether those persons consented to be called by RiseUp. This is significant because Plaintiff's DNCR Class includes a substantial number of class members who have no grievance with RiseUp. *See In re Rly.*, 395 F. Supp. 3d at 472 (striking "overbroad" class where plaintiffs failed to show "defendants' agreements caused <u>all</u> employees of defendants harm [] that can be proven on a class-wide basis or that discovery will likely substantiate plaintiffs' conclusory allegations that the common issues in this case will predominate over the individual questions raised by plaintiffs' proposed class of <u>all</u> employees."); *Walewski,* 502 F. App'x at 861; *Lackawanna Chiropractic P.C.,* 2019 WL 7195309, at *3; *A Custom Heating & Air Conditioning, Inc.,* 2018 WL 488257, at *4; *Spine & Sports Chiropractic, Inc.*, 2014 WL 2946421, at *10; *McElhaney,* 93 F.R.D. at 878.

      **2.**      **The DNCR Class Includes Individuals That Have Established Business Relationships with RiseUp.**

Section 64.1200(c) also excludes from liability individuals who receive a telephone call or message pursuant to an established business relationship with the caller. 47 C.F.R. § 64.1200(c) (prohibiting "telephone solicitation[s]" to individuals on the DNCR); *id.* at § 64.1200(f)(15) (defining "telephone solicitation" to exclude "any person with whom the caller has an established business relationship[.]"). Therefore, any class definition that includes individuals with an established business relationship is over-encompassing because these individuals are incapable of asserting a valid claim.

Here, Plaintiff's DNCR Class includes individuals that have an established business relationship with RiseUp. These individuals lack standing to sue under the DNCR provisions. The DNCR Class must therefore be stricken. *See In re Rly.*, 395 F. Supp. 3d at 472; *Walewski,* 502 F. App'x at 861; *Lackawanna Chiropractic P.C.,* 2019 WL 7195309, at *3; *A Custom Heating & Air Conditioning, Inc.,* 2018 WL 488257, at *4; *Spine & Sports Chiropractic, Inc.*, 2014 WL 2946421, at *10; *McElhaney,* 93 F.R.D. at 878.

### 3.    The DNCR Class Includes Individuals Who Received Text Messages, Which Are Not Telephone Solicitations Under the DNCR Provisions.

Text messages are not actionable under the DNCR provisions. The DNCR provisions specifically prohibit "telephone solicitations" to "residential telephone subscribers," meaning a "telephone call or message" to a landline. 47 C.F.R. §§ 64.1200(c), (f)(15). And since landlines only receive telephone calls, text messages cannot be telephone solicitations. As specified in Subsection 227(c)(5), there is only a private right of action for those who receive "more than one *telephone call*." 47 U.S.C. § 227(c)(5). Therefore, any class definition for violations of the DNCR provisions that includes individuals who received text messages improperly includes individuals who lack actionable claims.

Plaintiff's DNCR Class commits this very sin. Indeed, it includes individuals "who received more than one telephone solicitation call, text message, or combination thereof[,]" despite being registered on the DNCR. This overbreadth is a ground for striking the class. *See In re Rly.*, 395 F. Supp. 3d at 472; *Walewski,* 502 F. App'x at 861; *Lackawanna Chiropractic P.C.,* 2019 WL 7195309, at *3; *A Custom Heating & Air Conditioning, Inc.,* 2018 WL 488257, at *4; *Spine & Sports Chiropractic, Inc.*, 2014 WL 2946421, at *10; *McElhaney,* 93 F.R.D. at 878.

### 4. The DNCR Class Includes Individuals Who Received Third-Party Calls for Which RiseUp is Not Vicariously Liable.

To avoid "definitional overbreadth," a plaintiff's theory of liability must "actually map [] onto the membership of the class." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016). Said another way, there must be "a reasonably close fit between the class definition and the chosen theory of liability." *Id*. at 1138 n.7. Here, RiseUp can only be liable for a call made by a third party where the third party acted pursuant to an agency relationship with RiseUp. *Klein v. Com. Energy, Inc.*, 256 F. Supp. 3d 563, 583 (W.D. Pa. 2017). ("[A] party may be liable under the TCPA in accordance with tort-related vicarious liability rules.") (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016). A mere allegation that calls were made "on behalf" of RiseUp is insufficient to create liability. *Worsham v. TSS Consulting Grp., LLC*, No. 6:18-CV-1692-LHP, 2023 WL 5016558, *3-4 (M.D. Fla. Aug. 7, 2023).

Plaintiff's DNCR Class encompasses individuals who received calls "on behalf of" RiseUp. But Plaintiff fails to allege the existence of any third party making calls on Defendant's behalf, let alone the necessary elements of control required to establish an agency relationship. Without these necessary elements, the DNCR Class improperly includes countless individuals who lack an actionable claim for vicarious liability against RiseUp. 7A WRIGHT & MILLER, FED. PRAC. & PROC. § 1760 (3d ed. 2005) (explaining that a "class must not be defined so broadly that it

encompasses individuals who have little connection with the claim being litigated; rather, it must be restricted to individuals who are raising the same claims or defenses as the representative[.]").

     **5.**     **Plaintiff's DNCR Class Improperly Includes Individuals Who Have Not Personally Registered Their Telephone Numbers on the DNCR.**

The threshold requirement for bringing a claim under the DNCR provisions is clear: only a "residential telephone subscriber who has registered his or her telephone number" on the DNCR may seek relief. 47 C.F.R. § 64.1200(c). In *Rombough v. Robert D. Smith Insurance Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022), the court confirmed that this language must be applied as written, such that a claimant's personal registration of his or her own phone number on the DNCR is a prerequisite to standing. Indeed, in dismissing the plaintiff's complaint, the court noted that "plaintiff does not state that *she* registered her telephone number with the do-not-call registry." *Id.* at *5 n.3.

This requirement cannot be reinterpreted because of policy reasoning or legislative intent. Where a statute or regulation's language is plain, courts must give effect to that plain meaning. *Campbell v. Wash. Cnty. Tech. Coll.,* 219 F.3d 3, 6 (1st Cir. 2000) ("As in other cases involving statutory interpretation, we look first to the Act's plain language. Absent ambiguity, the inquiry ends with the text of the statute.") (internal citations omitted). The regulation's text expressly mandates personal registration—no ambiguity exists that would justify looking beyond its clear language. Thus, standing under the TCPA depends upon the claimant's affirmative act of placing the claimant's own number on the DNCR.

Plaintiff's proposed class definition ignores this plain language, absorbing countless individuals who acquired phone numbers that were registered by previous owners but who never affirmatively registered these numbers themselves. Under Plaintiff's proposed definition, an individual could acquire a phone number that was registered on the DNCR by its previous owner

and automatically become a class member upon receiving calls, despite never having registered the number on the DNCR. The logical, plain reading of 47 C.F.R. § 64.1200(c) indicates that these individuals do not have standing to sue RiseUp. The class must therefore be stricken. *See Walewski*, 502 F. App'x at 861; *Lackawanna Chiropractic P.C.*, 2019 WL 7195309, at *3.

### C.    The DNCR Class Calls for the Resolution of Merits-Based Issues to Determine Class Membership.

A class must be defined using "administratively feasible" and "objective criteria." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013). *See also Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 996 (8th Cir. 2016) (citing *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 525 (6th Cir. 2015) ("[For] a class to be sufficiently defined, the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria.")); *Briseno v. ConAgra Foods, Inc.*, 844 F.3rd 1121, 1123-24 (9th Cir. 2017); *see also de Lacour v. Colgate-Palmolive Co.*, 338 F.R.D. 324, 339 (S.D.N.Y. 2021) ("[A] class must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member, and must be defined by objective criteria that are administratively feasible, such that identifying its members would not require a mini-hearing on the merits of each case.") (internal quotations omitted). A class defined based upon the merits of a claim is simply not certifiable. *St. Louis Heart Ctr., Inc. v. Vein Centers for Excellence, Inc.*, No. 4:12 CV174 CDP, 2017 WL 2861878, at *5-6 (E.D. Mo. July 5, 2017) (decertifying class where class was based on objective criteria).

Here, however, membership to the DNCR Class depends on whether individuals are "residential telephone subscribers" who received "telephone solicitations." These criteria require consideration of the merits of class members' claims. To determine whether a person is a "residential telephone subscriber," the Court needs to determine whether the telephone at issue is

a "residential telephone"—namely, a landline—and whether RiseUp called that landline. Then, the Court would somehow need to consider the contents of the calls to determine whether it was sent to "encourage[] the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15). These are plainly merits-based determinations. *See Weister v. Vantage Point AI, LLC*, No. 8:21-CV-1250-SDM-AEP, 2022 WL 3139373, at \*7-8 (M.D. Fla. Aug. 3, 2022) (whether a call is "telemarketing" is a merits challenge); *Broking v. Green Brook Buick GMG Suzuki*, No. CV151847BRMLHG, 2017 WL 3610490, \*5-6 (D.N.J. Aug. 22, 2017) (finding no violation of the TCPA where the call did not constitute telemarketing). The assumption that the merits of any class members' claim has been established by allowing this class definition to proceed would significantly prejudice RiseUp. This Court should instead strike this Class here and now.

### D.    Plaintiff Will Be Unable to Establish Commonality and Predominance.

Commonality is found where "there are questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2). Commonality requires more than a mere violation of the same provision of law. *Controllable On-Site Prot. Sec. Sys., Inc. v. Telular Corp.*, No. 4:14CV00487 JM, 2016 WL 11778133, at \*2 (E.D. Ark. Apr. 12, 2016) (quoting *Wal–Mart Stores Inc.*, 564 U.S. at 349-50 ("Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'") (internal citation omitted)); *see also* HERBERT NEWBERG & ALBA CONTE, NEWBERG, CLASS ACTIONS § 6.20, at 6–82 (3d ed.1992) (noting that "[t]he plaintiff's allegations must indicate sufficiently that the adjudication of his or her claim will necessarily involve one or more common questions concerning persons similarly situated," and that class action pleadings "should not be merely conclusory"). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member,

then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Messner v. Northshore Univ. Health Sys.*, 699 F.3d 802, 815 (7th Cir. 2012) (quoting *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)). In other words, there must be at least one "common contention" that "is central to the validity" of the claims and that can be resolved "in one stroke." *Wal-Mart Stores Inc.*, 564 U.S. at 349.

The Third Circuit, however, "consider[s] the Rule 23(a) commonality requirement to be incorporated into the more stringent Rule 23(b)(3) predominance requirement, and therefore deem[s] it appropriate 'to analyze the two factors together, with particular focus on the predominance requirement.'" *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 297 (3d Cir. 2011) (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 528 (3d Cir. 2004)). Predominance is found where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable." *In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 219 (E.D. Pa. 2012) (internal citation omitted).

Plaintiff's DNCR Class fails to establish commonality, much less the heightened standard of predominance. As written, Plaintiff's class includes countless individuals without viable claims for a bevy of reasons: they did not personally register their numbers on the DNCR, they consented to be called or have an established business relationship with RiseUp, they received text messages and not calls, they were called by third parties and not RiseUp, they are not residential telephone subscribers, and/or the calls they received were not telephone solicitations. Needless to say, class

members without standing cannot establish commonality. Without common claims, individualized issues will undoubtedly predominate.

Also, the determinations of whether the class members are "residential telephone subscribers" who received "telephone solicitations" will require mini-trials of their own, thereby usurping any common issues. When common issues do not predominate, any benefit of judicial efficiency and economy that would otherwise be afforded by adjudicating class members' claims collectively is negated. As such, this Court should strike this Class immediately.

## V.      CONCLUSION

For the foregoing reasons, RiseUp respectfully requests this Court to strike the class allegations in Plaintiff's First Amended Complaint.

Dated: June 16, 2025

TROUTMAN AMIN, LLP

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera, *pro hac vice*
1825 NW Corporate Blvd, Ste. 100
Boca Raton, Florida 33431
400 Spectrum Center Dr., Ste. 1550
Irvine, California 92618
Telephone: 561-834-0883
jenniffer@troutmanamin.com
*Counsel for Defendant RiseUp Financial Group, LLC*

## **CERTIFICATE OF CONFERRAL**

Pursuant to Judge Murphy's Standing Order, I hereby certify that on May 20, 2025, the parties met and conferred on the substance of the enclosed motion. It is RiseUp's position that discovery should be stayed pending the resolution of this motion, as the issues it raises are dispositive, and is filing a motion to this effect. Plaintiff opposes this motion and the stay of discovery.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera

## **CERTIFICATION**

Pursuant to E.D. Pa. L.R. 7.1(d), I hereby certify that on June 16, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera