## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**RISEUP FINANCIAL GROUP, LLC,**<br><br>　　　　Defendant. | Case No. 2:25-cv-01402-JFM<br><br>District Judge John F. Murphy |

### DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant RiseUp Financial Group, LLC ("RiseUp") hereby moves this Court to stay discovery pending the resolution of its Motion to Dismiss and Strike Class Allegations and its Motion to Compel Arbitration or Transfer Venue (its "Dispositive Motions") for the reasons set forth in the accompanying Memorandum of Law.

**MEMORANDUM OF LAW**

I. **INTRODUCTION**

Good cause exists to stay discovery pending the outcome of RiseUp's Dispositive Motions.

In his First Amended Complaint, Plaintiff Jourey Newell ("Plaintiff") fails to establish a violation of the Telephone Consumer Protection Act's ("TCPA") Do-Not-Call Registry ("DNCR") provisions, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). To make matters worse, Plaintiff's proposed class is facially uncertifiable and should be stricken as a matter of efficiency and economy. As such, discovery should be stayed to preserve resources until this Court decides RiseUp's Dispositive Motions.

This Court should exercise its discretion to stay discovery because Plaintiff will not be harmed or prejudiced by such a limited stay. RiseUp, on the other hand, would be burdened and face significant costs in responding to discovery that may prove to be unnecessary pending this Court's ruling. Indeed, the Dispositive Motions will dispose of or substantially narrow the scope of claims in this action. Plaintiff also has no urgent need for discovery—this case is in its infancy and no answer has been filed.

Therefore, to protect RiseUp from the burden and expense of discovery in an action that will likely be disposed of, RiseUp respectfully requests this Court to stay all discovery in this action, including pretrial deadlines, pending the disposition of RiseUp's Dispositive Motions.

II. **LEGAL STANDARD**

"District courts retain broad discretion to manage the docket and resolve discovery disputes." *Elfar v. Twp. of Holmdel*, No. 24-cv-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025). Federal Rule of Civil Procedure 26(c) provides that the court may stay discovery only on a showing of "good cause" by the party requesting the stay. Fed. R. Civ. P. 26(c)(1) (establishing

that the court may issue a protective order with respect to discovery only for "good cause"); *see also Perelman v. Perelman*, No. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.'") (citations omitted).

The Supreme Court has clarified that deciding whether to stay proceedings requires weighing competing interests and balancing hardships with respect to the movant and nonmovant. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983) (balancing the potential hardship with respect to both parties).

### III.    ARGUMENT

#### A.    This Court Should Stay Discovery Until It Resolves the Dispositive Motions Which May Dispose of the Case in its Entirety.

Although the mere pendency of a motion does not justify a stay, a stay may be proper "where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *N. Am. Commc'ns, Inc. v. InfoPrint Sols. Co., LLC*, No. Civ.A.08–288, 2011 WL 4571727, at *2 (W.D. Pa. July 13, 2011) (quotations omitted); *see also Weisman v. Mediq, Inc.*, No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (noting that where there is a pending motion to dismiss that "may result in a narrowing or outright elimination of discovery[,] the balance [of competing interests] generally favors granting a motion to stay"). The Third Circuit has upheld district court decisions to stay discovery pending the outcome of such motions. *See, e.g., Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (recognizing that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where" resolution of the motion would render discovery futile). Where a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to

3

stay. *Weisman*, 1995 WL 273678, at *2 (quoting *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984)).

This court has frequently exercised its discretion to stay discovery pending the resolution of a potentially dispositive motion. *See, e.g., Pfizer Inc. v. Johnson & Johnson*, No. 17-CV-4180, 2018 WL 1071932, at *2 (E.D. Pa. Feb. 27, 2018) ("[T]he Motion does have the potential to dispose of the entire case and eliminate the need for discovery. In such a case, the balance will generally lean in favor of staying discovery.") (quoting *Weisman*, 1995 WL 273678, at *2*); see also Jackson v. N. Telecom, Inc.*, No. CIV. A. 90-0201, 1990 WL 39311, at *1 (E.D. Pa. Mar. 30, 1990) (staying discovery until resolution of defendants' motion to dismiss); *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. CIV.A. 09-4672, 2012 WL 11948492, at *1 (E.D. Pa. July 11, 2012) (same).

Indeed, courts across circuits have held that a pending dispositive motion constitutes "good cause" to stay discovery. *See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (a stay of discovery pending decision on a dispositive motion that would fully resolve the case is a proper exercise of discretion; it "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery."); *Dillinger, L.L.C. v. Elec. Arts, Inc.*, No. 1:09-cv-01236-SEB-JM, 2010 WL 1945739, at *1-2 (S.D. Ind. May 11, 2010) (granting stay of discovery pending resolution of the defendant's motion to dismiss); *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 3:17-CV-30037-MAP, 2018 WL 3727365,

at *2 (D. Mass. Aug. 6, 2018) ("A pending dispositive motion constitutes good cause for a stay of discovery.").

Here, RiseUp's Dispositive Motions may narrow or dispose of the case. First, RiseUp has filed a Rule 12(b)(6) motion to dismiss on the grounds that Plaintiff is not a "residential telephone subscriber" and that text messages do not constitute "telephone solicitations" within the meaning of the DNCR provisions. The plain language of the DNCR provisions, their context, and their legislative history confirm that the DNCR provisions apply only to telephone calls made to landlines. Since Plaintiff claims to have received only a single call to a cellular telephone, he cannot state a claim for relief under the DNCR which require more than one call within a 12-month period.

Second, RiseUp has filed a motion to strike the class allegations in Plaintiff's First Amended Complaint. At the outset, the motion to dismiss makes it clear that the Plaintiff lacks standing. This, by itself, is a sufficient reason to strike his class allegations. However, the DNCR Class is also overbroad. It includes individuals who (1) gave consent to be called, (2) had established business relationships with RiseUp, (3) received calls from a third party for whom RiseUp is not vicariously liable, (4) received non-actionable text messages, and (5) did not personally register their telephone numbers on the DNCR. It also requires this Court to decide on the merits whether class members are "residential telephone subscribers" who received "telephone solicitations." As a result, Plaintiff will be unable to establish commonality, let alone predominance. This class simply cannot go forward and must be stricken.

Third, RiseUp has filed a motion to compel arbitration or transfer venue. By accepting the terms presented at https://upfinances.com/apply, Plaintiff agreed to arbitrate any and all disputes or claims he had with RiseUp under the TCPA on an individual basis. This broad arbitration

language specifically covers the instant action and explicitly confers authority to decide arbitrability to the arbitrator. Therefore, the AAA is the appropriate forum. Should this Court decide for any reason that this matter should not be arbitrated, Plaintiff agreed to resolve his disputes in Clark County, Nevada. Accordingly, this case must be transferred to the District of Nevada if it is not arbitrable.

### B. A Limited Stay of Discovery is Appropriate Because Discovery Would Burden the Parties and the Court.

Good cause exists for granting the instant motion to stay discovery because the Dispositive Motions may resolve the entire case without additional discovery. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *see also Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) ("[C]ourts may— and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained."). Further, granting the instant motion will not prejudice Plaintiff or disrupt the Court's schedule because the parties have not held a Rule 26(f) conference, no discovery has been served and no scheduling order is in place. *See CVS Caremark Corp.*, 2012 WL 11948492, at *1 ("Plaintiff will suffer no clear prejudice from a temporary delay in discovery while the Court, in the ordinary course of business, disposes of the Motion to Dismiss.").

Under these circumstances, this Court should not require RiseUp to participate in discovery on this matter. This is particularly true in a putative class action as the burden on a class action defendant in responding to discovery is undoubtedly large. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the

summary judgment stage," will protect defendants from incurring enormous discovery costs). That burden is only compounded in TCPA class actions, where the plaintiff may demand burdensome and expensive discovery regarding every call a defendant made during the class period. Therefore, before forcing the parties to undergo the expense of discovery, it must first be determined which, if any, of Plaintiff's claims are properly before this court. *See Rutman Wine Co*, 829 F.2d 729, 738 (stating "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility") (citations omitted); *Weisman*, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) ("By imposing a stay while ruling on the motion, when discovery proceeds the parties will have full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur.")

Certainly, it makes little sense for the parties to engage in time-consuming and expensive—yet potentially unnecessary—discovery when ruling on any of RiseUp's Dispositive Motions could render those efforts a nullity. Where there is good cause, holding discovery in abeyance until such time as a ruling on the dispositive motion becomes final does not unreasonably delay the litigation. *See Dicenzo v. Mass. Dep't of Corr.*, Case No. 3:15-cv-30152-MGM, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016) ("relatively brief delay" until the disposition of dispositive motions is reasonable) (citing *Landis*, 299 U.S. at 254).

Courts have found that a stay is appropriate in similar circumstances, given the case's complex procedural posture and for the sake of efficiency. *See e.g., Jackson*, 1990 WL 39311, at *1 (granting defendants' motion to stay discovery until defendants' motion to dismiss is ruled upon "in the interest of judicial economy, and with a view toward preventing possibly unnecessary and expensive discovery"); *Pfizer Inc*, 2018 WL 1071932, at *2 ("[D]iscovery will be a large and

costly undertaking in this case. We therefore find that this factor weighs in favor of granting the stay."). RiseUp's request for a stay of discovery is reasonable and appropriate under the circumstances and granting this request will not prejudice Plaintiff.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, RiseUp respectfully requests this Court to stay discovery pending its decision on its Motion to Dismiss and Strike Class Allegations and Motion to Compel Arbitration or Transfer Venue.

Dated: June 16, 2025

                                            TROUTMAN AMIN, LLP

                                            <u>*/s/ Jenniffer Cabrera*</u>
                                            Jenniffer Cabrera, *pro hac vice*
                                            1825 NW Corporate Blvd, Ste. 100
                                            Boca Raton, Florida 33431
                                            400 Spectrum Center Dr., Ste. 1550
                                            Irvine, California 92618
                                            Telephone: 561-834-0883
                                            jenniffer@troutmanamin.com
                                            *Counsel for Defendant RiseUp Financial Group, LLC*

**CERTIFICATION**

Pursuant to E.D. Pa. L.R. 7.1(d), I hereby certify that on June 16, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera